# EXHIBIT 1

**CHART OF PLAINTIFF'S CLAIM ELEMENTS NOT PLAUSIBLY ALLEGED**
**IN SUPPORT OF CIGNA'S MOTION TO DISMISS**

| **Claim** | **Missing Elements** |
|---|---|
| **Fed. R. Civ. P. 12(b)(6)** | |
| **Count III: Fraud** | Rule 9(b): Requirement to plead fraud with particularity<br><br>Plaintiff cannot plausibly state a common law fraud or fraud-by-omission claim because he does not allege the following elements of fraud:<br><br>Element 1: Cigna had a duty to disclose<br><br>Element 2: Cigna made a material misrepresentation or omission of fact<br><br>Element 3: Cigna's misrepresentation or omission was made with knowledge of its falsity<br><br>Element 4: Plaintiff reasonably relied on the misrepresentation or omission<br><br>Element 5: Cigna acted with had fraudulent intent<br><br>(Additionally, elements 6-8 are pleading requirements required to satisfy Rule 9(b) for a fraud-by-omission theory, *see In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d 395, 440 (S.D.N.Y. 2019))<br><br>Element 6: Cigna was the person responsible for the failure to disclose<br><br>Element 7: The context of the omissions and the manner in which Cigna misled the plaintiff<br><br>Element 8: What Cigna obtained through the fraud |
| **Count IV: Unjust Enrichment** | Rule 9(b): Requirement to plead fraud with particularity, as this claim is premised on allegations of fraudulent conduct<br><br>Plaintiff cannot plausibly state a claim for unjust enrichment because he does not allege the following elements:<br><br>Element 1: Absence of an enforceable contract relating to the same subject matter<br><br>Element 2: Cigna received a benefit that is both specific and direct |

| **Claim** | **Missing Elements** |
|---|---|
| **Fed. R. Civ. P. 12(f) & 23(b)(2)** | |
| **Plaintiff's Class Allegations** | Plaintiff's class allegations should be struck because:<br>Plaintiff lacks standing to represent the class<br>Plaintiff lacks standing to pursue injunctive relief under Rule 23(b)(2) |