**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AZAM AHMED, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CIGNA HEALTH MANAGEMENT, INC., THE CIGNA GROUP, WELLFLEET INSURANCE, and WELLFLEET NEW YORK INSURANCE COMPANY,

Defendants.

Case No. 1:23-cv-08094-AS

**ORAL ARGUMENT REQUESTED**

**CIGNA'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND TO STRIKE CLASS ALLEGATIONS**

Plaintiff's Opposition confirms that he has not pled multiple elements of his two claims against Cigna and that his class allegations should be struck because he has not pled an injury that would allow him to represent the putative class.

## ARGUMENT[1]

### I. The Fraud Claim (Count III) Should Be Dismissed.

***Failure to Plead Facts.*** Plaintiff argues that Cigna had a "fraudulent scheme" to deny covered claims "in contravention of [his] Policy" (Opp. 8-9), but as Cigna pointed out, he does not support this theory with particular facts under Rule 9(b). (Br. 6-12.) In response, Plaintiff all but concedes that he has not satisfied Rule 9(b), arguing that the Court should "consider[] the entirety of the Complaint" instead of focusing on "individual allegations[.]" (*See* Opp. 8 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) (discussing pleading standards for scienter)).) This is unavailing. As Plaintiff admits, a fraud-by-omission claim requires identifying "what the omissions were" (Opp. 9)—which he has not done consistent with Rule 9(b).

Plaintiff also fails to plead the elements of scienter and reliance. For scienter, Plaintiff at most alleges that Cigna failed to perform under the Policy when it reviewed his pre-authorization request. (*E.g.*, FAC ¶ 84 ("Cigna flagrantly disregarded the Policy's procedure for utilization review[.]").) But Plaintiff has not alleged that Cigna violated any Policy terms in reviewing his claim. (Br. 9-11.) Even if he did, nonperformance is not enough for scienter—since "mere failure of promised performance has never permitted a factual finding that defendants never intended to perform." *Soper v. Simmons Int'l, Ltd.*, 632 F. Supp. 244, 249 (S.D.N.Y. 1986); *English v. Danone N. Am. Pub. Benefit Corp.*, 2023 WL 4187515, at *5 (S.D.N.Y. June 26, 2023) ("conclusory"

[1] Unless otherwise noted, all emphasis has been added, and all citations, alterations, and internal quotation marks have been omitted. "Br." refers to Cigna's opening brief, ECF No. 56; "Opp." refers to Plaintiff's opposition, ECF No. 58; and "FAC" refers to the First Amended Complaint, ECF No. 43. All other defined terms retain the meaning from Cigna's opening brief.

allegations of fraudulent intent did not show intent or knowledge of fraud). And *Spinelli v. National Football League*, 903 F.3d 185 (2d Cir. 2018) (*see* Opp. at 10-12) only highlights the inadequacy of the FAC: there, photographers alleged the Associated Press falsely promised that it "would not grant the NFL complimentary use of Plaintiffs' photographs," even though it was already doing so for other photographers. *Id.* at 210. Plaintiff alleges no comparable facts.

Plaintiff's assertion that he "justifiably relied" on Defendants' omissions is not enough to plead reliance either. (Br. 11.) Plaintiff contends that "the reasonableness" of his reliance is a fact-specific inquiry (Opp. 12), but Plaintiff's problem is that he did not plausibly allege reliance ***at all***. (Br. 11.) That is a Rule 12(b)(6) defect. *See DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, 323 F. Supp. 3d 393, 463 (S.D.N.Y. 2018) (dismissing where "allegations fail to provide Defendants with notice of which misstatements were relied upon by Plaintiffs"); *Doe v. Yeshiva Univ.*, 2023 WL 8236316, at *18 (S.D.N.Y. Nov. 28, 2023) (plaintiff's alleged reliance on a false impression of safety that he said defendants' security reports conveyed was "not a substitute for reliance upon a specific misstatement of fact or material omission of fact").

***No Duty to Disclose.*** Both of Plaintiff's arguments that Cigna had a duty to disclose fail. First, the FAC asserts that "Defendants actively concealed their intention to deny" pre-authorization requests like Plaintiff's (FAC ¶ 145(e)), but alleges no ***facts*** to support this assertion. *Cf. McKnight as Tr. of Stacia L. McKnight Revocable Tr. v. 65 Dune Rd. LLC*, 2020 WL 9816015, at *12 (E.D.N.Y. Nov. 16, 2020) (plaintiff pled active concealment by alleging that developers "actively concealed the status of the windows and floorboards by disposing of wooden covers that would reveal the windows were not impact glass and by pinning and puttying the delaminating floorboards to make them temporarily appear to be in good repair"). Instead, Plaintiff points to Cigna's alleged failure to disclose—*i.e.*, silence—but "the mere silence of the seller, without some

act or conduct which deceived the purchaser, does not amount to a concealment that is actionable as a fraud." *London v. Courduff*, 141 A.D.2d 803, 804 (2d Dep't 1988).

Second, the special facts doctrine does not apply because: (1) this doctrine is generally triggered only "in the context of business negotiations where parties are entering a contract," *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006), but no such negotiations took place here; (2) Plaintiff has no answer to cases which say that an alleged intention not to perform "is not knowledge of facts, and certainly not the kind of facts required under the special ***facts*** doctrine," *First Hill Partners, LLC v. BlueCrest Cap. Mgmt. Ltd.*, 52 F. Supp. 3d 625, 638 (S.D.N.Y. 2014); and (3) Plaintiff asserts that "Cigna knew Plaintiff was acting on mistaken knowledge in submitting pre-authorization requests" (Opp. 14)—but Plaintiff cites nothing from the FAC to support this assertion, and such boilerplate conclusions are not enough to plead fraud in any event.

## II. Plaintiff's Unjust Enrichment Claim Fails.

The Opposition has no response to Cigna's three reasons why Plaintiffs' unjust enrichment claim should be dismissed. First, this claim is premised on fraudulent conduct (Br. 12), but Plaintiff does not plead actual facts under Rule 9(b), as explained *supra* in Section I.

Second, as Cigna explained (*id.* 12-13), "a valid and enforceable contract"—here, the Policy—"precludes an unjust enrichment claim relating to the subject matter of the contract," *Spinelli v. NFL*, 96 F. Supp. 3d 81, 135 (S.D.N.Y. 2015). Plaintiff argues that "there is no contract at all between Plaintiff and Cigna" (Opp. 15)—but that does not matter, because "claims for unjust enrichment may be precluded by the existence of a contract governing the subject matter of the dispute ***even if*** one of the parties to the lawsuit is not a party to the contract." *See AMA v. United Healthcare Corp.*, 2007 WL 683974, at *10 (S.D.N.Y. Mar. 5, 2007); *see also Hudson Neurosurgery, PLLC v. UMR, Inc.*, 2023 WL 6311218, at *8 (S.D.N.Y. Sept. 28, 2023).

And Plaintiff's contention that "the subject matter of [his] unjust enrichment claim is not

governed by Plaintiff's Policy" (Opp. 15) makes no sense. Wellfleet contracted Cigna to provide "medical necessity review for Wellfleet NYIC's health plan" (FAC ¶ 25), and the basis of Plaintiff's unjust enrichment claim is that Cigna breached plan terms when it conducted that review. (*E.g.*, *id.* ¶ 155.) If the subject matter of the Policy did not govern Cigna's conduct, then Plaintiff has offered no other basis to show that Cigna's denial was somehow "unjust."

Third, Plaintiff's theory that Cigna profited by retaining "a portion of [his] monthly premium" (*id.* ¶ 154) is not enough for unjust enrichment, which requires "a benefit that is both specific and direct." *Hudson*, 2023 WL 6311218, at *6; Br. 14; *see also Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (requiring a "specific and direct benefit"); *In re Int. Rate Swaps Antitrust Litig.*, 261 F. Supp. 3d 430, 500-01 (S.D.N.Y. 2017) (requiring "a specific and direct benefit from the property sought to be recovered, rather than an indirect benefit").

Plaintiff's authorities (Opp. 16-17) are inapposite. In *Manufacturers Hanover Trust Co. v. Chemical Bank*, 160 A.D.2d 113, 117 (1st Dep't 1990), defendant received a mistaken wire transfer of money from the plaintiff—a specific and direct benefit, and nothing like Plaintiff's theory that Cigna allegedly retained some unspecified portion of his insurance premium. And Plaintiff cites *Dreieck Finanz AG v. Sun*, 1989 WL 96626 (S.D.N.Y. Aug. 14, 1989) for the point that it is unnecessary "for plaintiff and defendant to have had direct dealings with one another" (Opp. 16), but there, the plaintiff submitted evidence that defendants had defrauded it into buying $37 million of worthless promissory notes, which defendants did not dispute. *See id.* at *4. Those "circumstances justify a claim for unjust enrichment," *id.*; Plaintiff's allegations do not.

Finally, Plaintiff tries to distinguish *Hudson* by arguing that it "lacked a transfer of benefit from the plaintiff to the defendant," but that "here[,] Cigna was paid in connection with providing denial letters." (Opp. 17.) This new assertion—that Cigna was supposedly paid to deny claims—

is not in the FAC. But it is also not enough to sustain his claim because it is indistinguishable from the "pass-through benefit theory" that *Hudson* found "too indirect to state a claim." *See* 2023 WL 6311218, at *1, *7 (alleging that plan administrator was unjustly enriched by receiving "a percentage of savings that it passes on to the fund by reducing payments to providers").

**III. The Court Should Strike Plaintiff's Class Allegations.**

Plaintiff argues that Cigna "seeks a class certification determination" under Rule 23 (Opp. 17-18)—but Cigna's actual rationale was not based on Rule 23's factors, and instead that Plaintiff has no ***standing*** to pursue classwide claims for which he himself has not shown an injury. (Br. 15-16.) Plaintiff does not offer a meaningful response on this point.

Plaintiff has no standing to represent class members whose claims were denied "by professionals not qualified to render an appropriate judgment" or "via computer program, AI, algorithm, or formula" (FAC ¶ 109), because he has not plausibly alleged that his own request was denied that way. (Br. 16-17.) And the FAC makes clear that Plaintiff's theory based on allegedly "incomplete review of the claims file and medical records" (FAC ¶ 109) will require individualized claim-specific review, since Plaintiff has not alleged that there is any uniform way in which Cigna conducts pre-authorization review. Finally, Plaintiff argues that he can seek injunctive relief as a former Wellfleet member simply because he "has not alleged that he would never purchase a Cigna health insurance Policy in the future[.]" (Opp. 19.) But the risk of future harm necessary to justify injunctive relief must be sufficiently "actual or imminent," not just theoretically possible, and Plaintiff's vague assertions that he may "some day" have Wellfleet or Cigna coverage is not enough. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992). (*See* Br. 17.)

**CONCLUSION**

For the above reasons and those in Cigna's opening brief, Cigna respectfully requests that the Court dismiss Counts III and IV, and strike the class allegations from the FAC.

Dated: March 29, 2024
New York, New York.

Respectfully submitted,

By: */s/ Joshua B. Simon*

Joshua B. Simon
Warren Haskel
Dmitriy Tishyevich
John J. Song
Chelsea Cosillos
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
jsimon@mwe.com
whaskel@mwe.com
dtishyevich@mwe.com
jsong@mwe.com
ccosillos@mwe.com

*Attorneys for Defendants Cigna Health Management, Inc. and The Cigna Group (f/k/a Cigna Corporation)*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notice of the filing to counsel of record.

*/s/ Joshua B. Simon*
Joshua B. Simon