UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AZAM AHMED,<br><br>                               Plaintiff,<br><br>                     -against-<br><br>CIGNA HEALTH MANAGEMENT, INC. et al.,<br><br>                              Defendants. | 23-CV-8094 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

      In his opposition brief, Plaintiff disputes that there is a three-year limitations term "in his Certificate of Coverage and disputes the authenticity of any such document on which Defendant relies." Dkt. 57 at 9. However, as defendant Wellfleet Insurance points out, Plaintiff himself attached the Certificate of Coverage containing the three-year term to the complaint. *See* Dkt. 43-6 at 78. Not only that, Plaintiff identified that document as the Certificate of Coverage in his complaint and quoted extensively from it, reflecting a belief that the document is both authentic and accurate. Dkt. 43 at ¶¶ 45–53.

      By June 12, 2024, at 5:00 PM, Plaintiff should submit a letter indicating whether he continues to contest the authenticity of the Certificate of Coverage that he attached to the complaint and the existence of a three-year limitations in that policy. If Plaintiff continues to dispute the authenticity of the policy or the existence of that provision, he should provide authority for contesting the authenticity of a document he *both* submitted to the Court and quoted from as accurate and authentic in his complaint.

      By June 12, 2024, at 5:00 PM, Wellfleet should also submit a letter to the Court indicating what the date is from which "the claim was required to be filed." *See* Dkt. 43-6 at 78.

**In submitting these letters, counsel are reminded of their responsibilities under Rule 11(b). Fed. R. Civ. P. 11(b).**

SO ORDERED.

Dated: June 7, 2024
      New York, New York

                                          ARUN SUBRAMANIAN
                                          United States District Judge